HARRIS BEACH, PLLC
*Attorneys for City of Yonkers*
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601
(914) 683-1200
By:     Darius P. Chafizadeh
        Elliot A. Hallak
        Mathew T. Dudley

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IHSAN MALKAWI, on Behalf of Herself and Others Similarly Situated,<br><br>          Plaintiff,<br><br>  -against-<br><br>CITY OF YONKERS,<br><br>          Defendant. | Case No.:  20-cv-02893-VB<br><br><br>**FIRST AMENDED ANSWER**<br>**WITH AFFIRMATIVE DEFENSES** |

Defendant, City of Yonkers (the "City"), files its Answer and Affirmative Defenses to the Complaint of Plaintiff, Ihsan Malkawi, individually and on behalf of all others similarly situated, dated April 8, 2020 (ECF No. 1) (the "Complaint"), and states as follows:

1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "1" of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "2" of the Complaint.

3.      Denies the truth of all the allegations and inferences in paragraph "3" of the Complaint.

4.      Denies the truth of the allegation and inference in paragraph "4" that the removal of Plaintiff's hijab was a "coerced violation of her religious practice," and denies knowledge and

information sufficient to form a belief as to the remaining allegations and inferences in paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "5" of the Complaint.

6.      Denies the truth of the allegations and inferences in paragraph "6" of the Complaint to the extent that Plaintiff alleges "she was arrested based on the overzealous policing of the YPD [and] aggressively interrogated," and "forced to remove her hijab for nearly thirty-six hours while in the YPD's custody," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in paragraph "6" of the Complaint.

7.      Denies the allegations and inferences in paragraph "7" of the Complaint that "YPD officers coerced [Plaintiff] to remove her hijab," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "9" of the Complaint that Plaintiff endured any trauma, and denies the truth of the allegations and inferences in that Paragraph that, if Plaintiff endured any trauma, it was caused by any YPD policy.

10.      Paragraph "10" of the Complaint contains legal conclusions to which no response is required.  However, to the extent that a response is required, the City respectfully refers the Court to the relevant statute(s) and applicable legal authority for their full import and meaning.

Except as expressly stated, the City denies all remaining allegations and inferences in Paragraph "10" of the Complaint.

11.     Paragraph "11" of the Complaint contains legal conclusions to which no response is required.  However, to the extent that a response is required, the City respectfully refers the Court to the cited Constitutional provisions, statutes and legal decision for their full import and meaning.  Except as expressly stated, the City denies all remaining allegations and inferences in Paragraph "11" of the Complaint.

12.     Admits the truth of the allegation in in paragraph "12" of the Complaint that "[t]his civil rights class action seeks damages and declaratory and injunctive relief," and admits that Plaintiff purports to proceed as stated therein.  Except as expressly stated, the City denies the truth of any remaining allegations or inferences in paragraph "12" of the Complaint and denies that Plaintiff or any putative class is entitled to any recovery from the City.

<u>**JURISDICTION AND VENUE**</u>

13.     Paragraph "13" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "13" and respectfully refers the Court to 28 U.S.C. § 1331 and any applicable legal authority for its contents and interpretation.

14.     Paragraph "14" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "14" and respectfully refers the Court to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the First and Fourteenth Amendments to the United States Constitution, and any applicable legal authority for its contents and interpretation,  City denies that Plaintiff has or can state any viable claim or

cause of action, and denies that Plaintiff or any putative class are entitled to is recovery from the City.

15. Paragraph "15" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City respectfully refers the Court to 28 U.S.C. § 1391(b) and any applicable legal authority for its contents and interpretation. City denies that Plaintiff has or can state any viable claim or cause of action, and denies that Plaintiff or any putative class are entitled to any recovery from the City.

## PARTIES

16. Denies knowledge or information to form a belief as to the truth of the allegations and inferences in paragraph "16" of the Complaint.

17. Denies the truth of the allegations and inferences in paragraph "17" of the Complaint, including that the YPD is an "agent" of City and that the City "assumes the risks incidental to the maintenance of the YPD's police force and the employment of its police force," and respectfully refers all questions of law to the Court. However, admits the truth of the allegations in paragraph "17" of the Complaint that the City is a municipal entity, and that it is authorized to maintain the YPD, a duly authorized public authority.

## JURY DEMAND

18. Admits that Plaintiff demands a trial by jury on all claims so triable and refers the Court to applicable law as to whether Plaintiff is entitled to a trial by jury on all claims. Except as expressly stated, the City denies all allegations and inferences in the "Demand for Jury Trial" paragraph of the Complaint and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## FACTUAL ALLEGATIONS

19.     Denies the truth of the allegations and inferences in paragraph "19" of the Complaint, Plaintiff's characterization of this action.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "22" of the Complaint as well as any referenced footnote.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "23" of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "24" of the Complaint.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "25" of the Complaint.

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "26" of the Complaint, except admits the truth of the allegation that Plaintiff's daughter called 911.

27.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "27" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "28" of the Complaint.

29.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "29" of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "30" of the Complaint.

31.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "31" of the Complaint, except admits that YPD officers arrested Plaintiff.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "32" of the Complaint, except admits that Plaintiff removed her hijab for a Booking Photograph.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "33" of the Complaint, except admits that Plaintiff removed her hijab for a Booking Photograph.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "34" of the Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "35" of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "36" of the Complaint, except admits that Plaintiff was taken to Yonkers City Court for her arraignment.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "37" of the Complaint, but admits that Plaintiff was taken to the City Jail for processing.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "39" of the Complaint, except admits that Plaintiff and her husband both pleaded guilty to a reduced charge of disorderly conduct.

40.     Denies the truth of the allegation in paragraph "40" of the Complaint that, "[t]he continued availability of the uncovered photographs is an ongoing harm to Ms. Malkawi because it prolongs and intensifies the YPD's initial assault on her religious rights," and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences in that paragraph.

41.     Denies the truth of the allegation in paragraph "41" of the Complaint that there was a "coerced removal" of Plaintiff's hijab, and denies information or knowledge sufficient to form a belief as to the truth of the remaining allegations and inferences in that paragraph.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "43" of the Complaint. The newspaper article identified within footnote "3" to that paragraph is invalid and cited incorrectly, and does not refer to YPD.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "44" of the Complaint.

45.     Denies the truth of the allegations and inferences in paragraph "45" of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "46" of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "47" of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "48" of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "49" of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "50" of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "51" of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "52" of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "53" of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "54" of the Complaint.

55.     Denies the truth of the allegations and inferences in paragraph "55" of the Complaint.

56.     Paragraph "56" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in

paragraph "56" and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq*., and any applicable legal authority for its contents and interpretation.

57.     Denies the truth of the allegations and inferences in paragraph "57" of the Complaint.

58.     Denies the truth of the allegations and inferences in paragraph "58" of the Complaint.

59.     Paragraph "59 of the Complaint contains a legal conclusion to which no response is required.  However, to the extent that a response is required, the City admits the truth of the allegation in that paragraph that Plaintiff served a notice of claim upon the City.

60.     Admits the truth of the allegations and inferences in paragraph "60" of the Complaint.

## CLASS ACTION ALLEGATIONS

61.     Admits that Plaintiff purports to proceed as stated in paragraph "61" of the Complaint.  However, except as expressly stated, denies the truth of any remaining allegations or inferences in paragraph "61" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

62.     Denies the truth of the allegations and inferences in paragraph "62" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

63.     Paragraph "63" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies the allegation and

inference in paragraph "63" that "[t]he members of the Class are so numerous that joinder of all Class members is impracticable," denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations and inferences in that that paragraph, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

64. Paragraph "64" of the Complaint, and its sub-paragraphs, contain legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "64" and its sub-paragraphs, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

65. Paragraph "65" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "65" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

66. Paragraph "66" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "66" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

67. Paragraph "67" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "67" of the Complaint, denies the appropriateness of a class, denies that

Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

68.     Paragraph "68" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "68" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

69.     Paragraph "69" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "69" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

70.     Paragraph "70" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge or information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "70" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

71.     Paragraph "71" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "71" of the Complaint, denies the appropriateness of a class, denies that

11

Plaintiff meets the requirements for certification of any class, denies that Plaintiff or any members of a putative class have suffered any damages, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

72.     Paragraph "72" of the Complaint contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge and information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "72" of the Complaint, denies the appropriateness of a class, denies that Plaintiff meets the requirements for certification of any class, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## ANSWERING THE FIRST CAUSE OF ACTION
### The Religious Land Use and Institutionalized Persons Act
### (42 U.S.C. § 2000cc)

73.     Repeats and reiterates each and every admission and denial heretofore interposed with respect to the paragraphs re-alleged in paragraph "73" of the Complaint with the same force and effect as though fully set forth herein at length.

74.     Denies knowledge and information sufficient to forth a belief as to the truth of the allegations or inferences in paragraph "74" of the Complaint, and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq*., and any applicable legal authority for its contents and interpretation.

75.     Paragraph "75" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the allegations and inferences in paragraph "75" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq*., and any applicable legal authority for its contents and interpretation.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "76" of the Complaint.

77.     Paragraph "77" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge and information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "77" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq.*, and any applicable legal authority for its contents and interpretation.

78.     Paragraph "78" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge and information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "78" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq.*, and any applicable legal authority for its contents and interpretation.

79.     Paragraph "79" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies knowledge and information sufficient to form a belief as to the truth of the allegations and inferences in paragraph "79" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq.*, and any applicable legal authority for its contents and interpretation.

80.     Paragraph "80" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "80" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq.*, and any applicable legal authority for its contents and interpretation.

81.     Paragraph "81" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the truth of the allegations and

inferences in paragraph "81" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq*., and any applicable legal authority for its contents and interpretation.

82.     Paragraph "82" contains legal conclusions to which no response is required. However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "82" of the Complaint and respectfully refers the Court to RLUIPA, 42 U.S.C. § 2000cc *et seq*., and any applicable legal authority for its contents and interpretation.

83.     Denies the truth of the allegations and inferences in paragraph "83" of the Complaint, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

**ANSWERING THE SECOND CAUSE OF ACTION**
**Free Exercise Clause**
**(42 U.S.C. § 1983)**

84.     Repeats and reiterates each and every admission and denial heretofore interposed with respect to the paragraphs re-alleged in paragraph "84" of the Complaint with the same force and effect as though fully set forth herein at length.

85.     Paragraph "85" of the Complaint contains legal conclusions to which no response is required.  However, to the extent that a response is required, the City denies knowledge or information sufficient to form a belief of the truth of the allegations and inferences in paragraph "85" of the Complaint and respectfully refers the Court to 42 U.S.C. § 1983 and any applicable legal authority for its contents and interpretation.

86.     Paragraph "86" of the Complaint contains legal conclusions to which no response is required.  However, to the extent that a response is required, the City denies knowledge or information sufficient to form a belief of the truth of the allegations and inferences in paragraph

"86" of the Complaint and respectfully refers the Court to 42 U.S.C. § 1983 and any applicable legal authority for its contents and interpretation.

87.     Paragraph "87" of the Complaint contains legal conclusions to which no response is required.  However, to the extent that a response is required, the City denies knowledge or information sufficient to form a belief of the truth of the allegations and inferences in paragraph "87" of the Complaint and respectfully refers the Court to the First Amendment to the Constitution of the United States and any applicable legal authority for its contents and interpretation.

88.     Paragraph "88" of the Complaint contains legal conclusions to which no response is required. However, to the extent that a response is required, the City denies the truth of the allegations and inferences in paragraph "88" of the Complaint and respectfully refers the Court to the First Amendment to the Constitution of the United States, the Free Exercise Clause, and any applicable legal authority for its contents and interpretation.

89.     Denies the truth of the allegations and inferences in paragraph "89" of the Complaint, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## ANSWERING THE THIRD CAUSE OF ACTION
### New York State Constitution, Article I, Section 3

90.     Repeats and reiterates each and every admission and denial heretofore interposed with respect to the paragraphs re-alleged in paragraph "90" of the Complaint with the same force and effect as though fully set forth herein at length.

91.     Paragraph "91" of the Complaint contains a legal conclusion to which no response is required.  However, to the extent a response is required, the City admits that Plaintiff has accurately quoted the cited clause of Article I, Section 3 of the Constitution of the State of New

York, but denies that Plaintiff or any putative class is entitled to any recovery from under that clause, and respectfully refers the Court to Article I, Section 3 of the New York State Constitution for its contents and interpretation.

92.     Paragraph "92" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "92" of the Complaint, and respectfully refers the Court to Article I, Section 3 of the New York State Constitution for its contents and interpretation.

93.     Denies the truth of the allegations and inferences in paragraph "93" of the Complaint, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## ANSWERING THE FOURTH CAUSE OF ACTION
### Declaratory Judgment
### (Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02)

94.     Repeats and reiterates each and every admission and denial heretofore interposed with respect to the paragraphs re-alleged in paragraph "94" of the Complaint with the same force and effect as though fully set forth herein at length.

95.     Denies the truth of the allegations and inferences in paragraph "95" of the Complaint.

96.     Denies the truth of the allegations and inferences in paragraph "96" of the Complaint.

97.     Paragraph "97" of the Complaint contains legal conclusions to which no response is required.  However, to the extent a response is required, the City denies the truth of the allegations and inferences in paragraph "97" of the Complaint.

98.     Denies the truth of the allegations and inferences in paragraph "98" of the Complaint.

99.     Denies the truth of the allegations and inferences in paragraph "99" of the Complaint, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

100.    Denies the truth of the allegations and inferences in paragraph "100" of the Complaint, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## GENERAL DENIAL

101.    To the extent that the City may have failed to respond to any of the allegations or inferences in the Complaint by the foregoing, the City denies the truth of such allegations and inferences, and denies that Plaintiff or any putative class is entitled to any recovery from the City.

## CITY'S RESPONSE TO PLAINTIFF'S DEMAND FOR RELIEF

102.    The City denies that Plaintiff or any putative class is entitled to recover any relief from the City, including, but not limited to, the relief sought in subparagraphs (A) through (G) under the "Prayer for Relief" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

103.    Without assuming any burden of pleading or proof that would otherwise rest upon Plaintiff, Defendant asserts the following defenses, reserving the right to supplement its answer and defenses as discovery and investigation continue.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

104.    The Complaint fails to state a cause of action against the City upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

105.    The removal of Plaintiff's (and any putative class member's) hijab (or other religious head covering) did not impose a substantial burden on religious exercise and the wearing of a hijab does not qualify as religious exercise within the meaning of statutory or constitutional law.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

106.    The removal of Plaintiff's (and any putative class member's) hijab (or other religious head covering) furthered a compelling governmental interest and did so by appropriate means.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

107.    Any policy or practice of the YPD which required removal of Plaintiff's (or any putative class member's) hijab (or other religious head covering), was without discriminatory intent or effect.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

108.    The removal of Plaintiff's (and any putative class member's) hijab (or other religious head covering) did not impose a substantial burden on sincerely held religious beliefs and/or there were legitimate State and penological interests that justify said removal.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

109.     Plaintiff's (and any putative class member's) claims are barred to the extent that Plaintiff's (or any putative class member's) beliefs and practice of wearing a religious head covering are not sincerely held.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

110.     At all times relevant to the acts alleged in the Complaint, the City, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion.  Thus, the City is entitled to governmental immunity, statutory immunity and all other immunities provided for by federal and/or state law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

111.     At all times relevant to the acts alleged in the Complaint, the City's agents' and officials' conduct was justified by an objectively reasonable belief that it was lawful and they acted in good faith and had reasonable grounds to believe that they were in compliance with applicable law, and or their conduct did not violate any clearly established right.  Thus, the City's agents and officials were entitled to qualified immunity, and the City is not liable for Plaintiff's (or any putative class member's) claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

112.     Any injury alleged to have been sustained resulted from Plaintiff's (or any putative class member's) own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the City.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

113.   The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has the City violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

114.   Plaintiff (or any putative class member) cannot obtain punitive damages as against the City.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

115.   Plaintiff's (or any putative class member's) claims may be barred by the doctrine of immunity for judgmental errors in the exercise of government functions.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

116.   Plaintiff (or any putative class member) may have failed to comply with conditions precedent to suit.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

117.   The photographing of Plaintiff (or any putative class member) was justified by Zargary v. City of New York, 607 F. Supp.2d 609 (S.D.N.Y. 2009); aff'd, 2011 WL 293976 (2d Cir. Feb. 1, 2011).

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

118.   Plaintiff's (or any putative class member's) claims are barred by the doctrines of estoppel, waiver, and/or unclean hands.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

119.     Plaintiff's (or any putative class member's) claims are barred because Plaintiff (or putative class members) failed to mitigate, reduce, or otherwise avoid any alleged damages or injuries.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

120.     This matter is not appropriate for class certification because common questions of law and fact do not predominate over questions of fact or law affecting only individual members of the proposed class.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

121.     This matter is not appropriate for class certification because the proposed class members cannot be ascertained, if at all, in an efficient manner, and any identification of potential class members would defeat the efficiency purposes of a class action.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

122.     This matter is not appropriate for class certification because Plaintiff's claims are not typical of the claims of other members of the proposed class.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

123.     Individualized issues of fact or law predominate over any common issues of fact or law to the putative class so as to preclude the matter from being adjudicated on a class basis.

### AS AND FOR AN TWENTY-FIRST AFFIRMATIVE DEFENSE

124.     This matter is not appropriate for class certification because Plaintiff is not adequate, typical, suitable, or an appropriate representative of the purported class.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE**

125.    This matter is not appropriate for class certification because the claims in the Complaint do not meet the numerosity requirement for the certification of any class.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**

126.    Plaintiff (and putative class members) are barred from recovering attorney fees and costs.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**

127.    Plaintiff's (and putative class members') claim for injunctive relief fails because they have an adequate and complete remedy at law.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**

128.    Plaintiff's (or any putative class member's) claims are barred for failure to exhaust administrative remedies.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**

129.    Plaintiff's (or any putative class member's) claims pursuant to Article I, Section 3 of the Constitution of the State of New York should be dismissed because there is no implied right of action under that section of the New York State Constitution.

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

130.    Plaintiff's (or any putative class member's) claims pursuant to Article I, Section 3 of the Constitution of the State of New York should be dismissed because it is duplicative of Plaintiff's (or any putative class member's) claims brought pursuant to the Free Exercise Clause of the United States Constitution.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

131.   To the extent that Plaintiff's (or any putative class member's) claims challenge the legality of any YPD policy or procedure on the basis that it violates the Constitution of the State of New York, this Court should abstain from exercising supplemental jurisdiction over and adjudicating such claims.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

132.   Plaintiff's (or any putative class member's) claims are moot.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

133.   Plaintiff (or any putative class member) lacks standing to pursue their claims.

### RESERVATION OF RIGHTS

134.   The City reserves the right to assert additional affirmative defenses in accordance with applicable law as they become known or as changes in the law occur.

### CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Defendant, CITY OF YONKERS, respectfully requests that the Court: (i) enter final judgment in favor of the City and against Plaintiff on all claims in the Complaint, dismissing the Complaint in its entirety; (ii) enter an award of attorneys' fees and costs incurred in this action in favor of the City; and, (iii) enter such other and further relief as the Court deems just and proper.

Dated: June 16, 2020
     White Plains, New York

                Yours, etc.,

                **HARRIS BEACH PLLC**

               By: _____/s/ Darius P. Chafizadeh_____
                Darius P. Chafizadeh
                Elliot A. Hallak
                Mathew T. Dudley
                *Attorneys for Defendant,*
                *City of Yonkers*
                445 Hamilton Avenue, Suite 1206
                White Plains, New York 10601
                P: (914) 683-1200
                F: (914) 683-1210
                dchafizadeh@harrisbeach.com
                ehallak@harrisbeach.com
                mdudley@harrisbeach.com