UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IHSAN MALKAWI, on Behalf of Herself and
Others Similarly Situated,

                         Plaintiff,

        -against-

CITY OF YONKERS,

                         Defendant.

---

Case No: 20-cv-02893-VB

## STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

**WHEREAS**, Plaintiff Ihsan Malkawi, on behalf of herself and others similarly situated (collectively, "Plaintiffs") and Defendant the City of Yonkers (the "City" or "Defendant," together with the Plaintiffs, the "Parties") have agreed to produce certain documents, including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files pursuant to this Stipulation and Protective Order (the "Order" or the "Stipulation");

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiffs and Defendant, as follows:

1. Either party may designate documents produced in connection with this action as "Confidential," by clear notation on the document or, only if that is not feasible, by written notification to the respective undersigned counsel for the parties hereto.

2. As used herein:

(a) "Action" shall mean the above-captioned Action, venued in the United States District Court for the Southern District of New York, and any subsequent appeals.

(b) "Confidential Information" shall mean (i) arrest records; (ii) personal financial information; (iii) Social Security numbers; (iv) documents all parties agree to be Confidential under this agreement; and (v) documents ordered by the Court to be Confidential under this agreement.

(c) "Producing Party" shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production, or otherwise.

(d) "Receiving Party" shall mean the party to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document production, or otherwise.

3.    In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the disagreeing party shall notify the Producing Party of such disagreement in writing, describing with particularity the Confidential Material in question and stating the grounds for the objection. The Producing Party shall respond to the objection in writing within fifteen (15) business days and shall state with particularity the grounds for asserting that the Confidential Material is properly designated. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within fifteen (15) business days, the Producing Party shall request appropriate relief from the Court consistent with the Court's discovery rules within another fifteen (15) business days. Pending the outcome of motion practice, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

4. Except with the prior written consent of the Producing Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) the Parties and personnel of the Parties engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff);

(c) any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

(d) the Court and court personnel;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

(f) deposition or trial witnesses or persons contacted by a party based on a good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor;

(g) an expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this Action (including consulting experts); and

(h) any other person agreed to by the parties.

5. Before any disclosure is made pursuant to sections (f)-(h) above, the Receiving Party's attorney shall provide each such person with a copy of this Order, and such person shall

consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential

Information for any purpose other than in connection with the prosecution or defense of the

Action and not to further disclose the Confidential Information except in testimony taken in this

case. The signed consent shall be retained by that party's attorneys and a copy shall be furnished

to the Producing Party upon request. Nothing in this provision shall require disclosure by a party

of the identity of non-testifying experts and/or consultants.

6.      Confidential Information shall be utilized by the Receiving Party and its counsel

only for purposes of this litigation and for no other purposes.

7.      A party that seeks to file any paper which incorporates any Confidential

Information or reveals the contents thereof with the Court shall so inform the other side prior to

filing. The parties shall confer in good faith to resolve the matter; if the parties agree to utilize

redacted copies of such documents or if the parties agree that unredacted versions of the papers

may be filed publicly, no further order of the Court is necessary. Should the parties not reach a

resolution, the party asserting confidentiality (or, if both parties assert confidentiality, the party

seeking to file the papers), shall move the Court within seven (7) business days of the date on the

parties being unable to agree, for permission to file said papers under seal. Such material shall

not be publicly filed with the Court until such application is decided. In the interim, to the extent

necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of

Civil Procedure, the filing party who seeks to include Confidential Information in papers to be

filed in Court shall provide a complete and un-redacted version thereof directly to the judges'

chambers and opposing counsel and not cause them to be publicly filed with the Court until after

the motion to seal has been decided or the parties agree that the materials can be publicly filed.

8.      Material introduced in evidence at any trial in connection with the Action is

presumptively not entitled to confidential treatment in the course of any such trial, even if

such material has previously been sealed or designated as Confidential Information.

9.     This Stipulation shall not preclude counsel for the parties from using during any deposition in this Action any documents or information designated as "Confidential Information" under the terms hereof.

10.     In designating information as "Confidential," a party will make such designation only as to that information that it in good faith believes contains confidential information. Deposition or hearing testimony may be designated as "Confidential Information" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to counsel upon review of the transcript or within twenty (20) days after receipt of the deposition Transcript. Prior to the expiration of such twenty-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Confidential Information.

11.     Documents containing Confidential Information that a Producing Party inadvertently failed to designate may be appropriately designated confidential at any time after production by appropriate written notice to the Receiving Party's counsel coupled with reproducing with the appropriate "Confidential" notation stamped on any such documents. The Receiving Party shall not be in violation of this Order for any disclosures of such Confidential Information made prior to such notice, which would have been authorized by this Order but for the subsequent designation by notice.

12.     Nothing in this Order shall preclude the parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as "Confidential Materials."

13.     The provisions of this Order shall not apply to documents or other material designated as "Confidential Information" to the extent that such documents or materials (a) are

- 5 -

obtained from sources other than the Producing Party, with the exception of materials obtained pursuant to a party's authorization for the release of such documents, or (b) are publicly available.

14.     This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

15.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the discretion of the Receiving Party.  Notwithstanding anything to the contrary, counsel of record for the parties may retain copies of Confidential Information.

16.     This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

Dated: New York, New York
      September 8, 2020

**FOR PLAINTIFFS:**

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____
O. Andrew F. Wilson
Emma L. Freeman
600 Fifth Avenue, 10th Floor
New York, N.Y. 10020
Telephone: (212) 763-5000


COUNCIL ON AMERICAN-ISLAMIC
RELATIONS NEW YORK, INC.

Ahmed M. Mohamed
46-01 Twentieth Avenue
Queens, New York 11105
(646) 665-7599


*Attorneys for Plaintiffs*

**FOR DEFENDANT:**

HARRIS BEACH PLLC

By: _____
Darius Chafizadeh
Elliot Hallak
Mathew Dudley
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601

*Attorneys for Defendant*

Dated: New York, New York
  September 9    , 2020

SO ORDERED:

_____

HON. VINCENT L. BRICCETTI, U.S.D.J.

## <u>EXHIBIT A</u>

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Regarding Confidential Information entered in the United States District Court for the Southern District of New York in the action entitled *Malkawi, et al. v. City of Yonkers*, No. 20-cv-02893-VB, and understands the terms thereof. The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution of this case, and will not disclose the Confidential Information except in testimony taken in this case.

_____                          _____

Date                                                                          Signature

                                                                              _____

                                                                              Print Name

                                                                              _____

                                                                              Occupation